**IN THE COURT OF APPEALS OF IOWA**

No. 15-0850
Filed July 22, 2015

**IN THE INTEREST OF L.P.-S.,**
    **Minor Child,**

**K.P., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Mark D. Reed of Marberry Law Firm, P.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, John P. Sarcone, County Attorney, and Christina Gonzalez,

Assistant County Attorney, for appellee.

Erin Mayfield of the Youth Law Center, Des Moines, attorney and guardian

ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and Mullins, JJ.

**POTTERFIELD, P.J.**

A mother[1] appeals the termination of her parental rights to her child, L.P.-S. She claims there is not clear and convincing evidence to show L.P.-S. could not be returned to her care at the time of the termination hearing, termination is not in the best interests of L.P.-S., and termination would be detrimental due to the closeness of the parent/child relationship. We affirm the termination of the mother's parental rights.

## I. BACKGROUND FACTS AND PROCEEDINGS.

L.P.-S. was born in 2012 during a child in need of assistance (CINA) case for one of the mother's other children. While the mother was pregnant with L.P.-S., she admitted to using methamphetamine. At the time of L.P.-S.'s premature birth, the mother resided in a residential treatment program. DHS did not seek removal of L.P.-S. due to the mother's placement.

A CINA adjudication hearing for L.P.-S. took place on May 6, 2013. At the proceeding, the mother testified she had a substance abuse history spanning twenty years. She has received services from DHS on four separate occasions dating back to 2002. Her parental rights were terminated to her two oldest children due to her substance abuse, and another child is the subject of a separate CINA case. She admitted to using methamphetamine during her pregnancy with L.P.-S. The court found the mother lacked proper judgment on the persons she associated with and the potential harm they could cause the

---

[1] The father's parental rights were terminated and he does not appeal.

child. The juvenile court found L.P.-S. in need of assistance pursuant to Iowa Code sections 232.2(6)(b), (c)(2), and (n) (2013). The court allowed L.P.-S. to remain with the mother as long as she resided in the residential treatment program.

A dispositional hearing was held on June 21. The court found the mother had done well in the residential treatment program, which included participating in substance abuse treatment, attending to the needs of the child, and sobriety. The court ordered custody to remain with the mother as long as she resided at the residential treatment facility.

Review hearings were held on November 8, 2013 and May 23, 2014. In the spring of 2014, the mother had been discharged from the residential treatment facility and immediately relapsed by using marijuana. The mother did not report the relapse until she tested positive during an intake screening. The court found a "discharge staffing" should have taken place before the mother had been released from the facility; though it also found attempts had been made to assist the mother with this issue and she had been non-responsive. The court noted its concern the mother had received three years of services (including one and a half years in residential treatment), and there were no additional services that had not already been provided. The court ordered the child to remain with the mother subject to DHS supervision. The court also ordered: the mother to attend AA/NA meetings, provide random drug screens, notify DHS of any individual who may have unsupervised contact with the child, continue with any therapy, continue with family supportive services, provide confirmation of AA/NA attendance, and complete a relapse prevention/safety plan.

A modification order was entered on July 18, placing the child in DHS custody. The mother had failed to take the child to protective daycare and also admitted to using methamphetamine. The child was placed in foster care. A permanency hearing was held on August 8, and the court found the mother had provided a positive drug screen on June 23. The mother failed to provide additional drug screens prior to the permanency hearing. The court confirmed L.P.-S.'s out-of-home placement and ordered ongoing services for the mother.

The State filed a termination petition on October 17 and an amended petition on December 22. The termination hearing was held on January 14 and 15, 2015. In its termination order, the court noted the mother's demeanor at the proceedings was "erratic," and her "demeanor was consistent with persons who are using illegal substances, and was markedly different than her demeanor in prior hearings during the CINA proceedings when she was sober and in active recovery." The court also observed the mother was in an abusive domestic relationship, which recently resulted in her wrist being broken. "Mother's testimony continues to show her unsafe lifestyle decisions and lack of insight regarding domestic abuse and relationship issues." "Mother testified she could resume custody immediately but her statement is strongly contradicted by the documentation or her own demeanor and behavior." In deciding to terminate the mother's parental rights, the court reasoned:

> The child has continuously remained in DHS custody for foster care for the past seven months without any trial periods in the home. Despite the extensive services offered, parents have not corrected the situation that lead to the removal and subsequent adjudication. Mother appeared under the influence of illegal substances during portions of the termination hearing and admitted to recent relapse. . . . The child cannot be returned to the custody

of either parent at the present time due to these unresolved issues. The State has proven by clear and convincing evidence, that grounds exist for the termination of [the mother's parental rights.]

The court terminated the mother's parental rights pursuant to Iowa Code sections 232.116(1)(d),(g), and (h). The mother now appeals.

## II. STANDARD OF REVIEW.

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. DISCUSSION.

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

**A.    Grounds for Termination.**

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. To terminate parental rights under section 232.116(1)(h), the State must show the child is three years of age or younger, has been adjudicated in need of assistance, has been removed from the home for a requisite period of time, and the juvenile court could not return the child to the parent's custody at the present time (the time of the termination) pursuant to section 232.102. The mother challenges the fourth ground, claiming there was not clear and convincing evidence the child could not be returned to her care at the time of the termination. Iowa Code § 232.116(1)(h)(4).

The juvenile court found the child could not be returned to the mother's custody at the time of the termination due to her ongoing issues with substance abuse and involvement in domestic violence disputes. We agree. The record shows in the weeks before the termination hearing the mother reported she was unemployed and living in a domestic violence shelter. She admitted to using methamphetamine in December 2014. She also admitted to using alcohol and marijuana in January 2015. "Due to the mother's lack of a stable home, employment, unaddressed mental health and substance abuse issues, she is unable to resume care of L.P.-S., we find clear and convincing evidence supports the termination of the mother's parental rights."

**B.    Best Interests of the Child.**

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2).

*P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2).

The mother claims termination is not in the best interests of the child. For the reasons stated by the juvenile court above, we believe it is in the best interests of the child to terminate the mother's parental rights. Additionally, L.P.-S. is currently residing in foster care, and the foster family has indicated they are willing to provide a permanent home for her. L.P.-S. needs permanency now and can no longer wait for her mother to provide responsible parenting. *See In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006). We find termination is in the best interests of L.P.-S.

### C. Closeness of Parent-Child Relationship.

The mother claims termination would be detrimental due to the closeness of her relationship with L.P.-S. pursuant to Iowa Code section 232.116(3)(c). This section allows the court discretion not to terminate parental rights where clear and convincing evidence proves that termination would be detrimental to the children due to the closeness of a parent-child relationship. The juvenile court uses its discretion in this section to determine whether to decline to terminate parental rights despite proof of statutory grounds. *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011). The juvenile court observed that it did not doubt the mother's desire to parent L.P.-S., but the mother's desire was outweighed by her ongoing substance abuse issues. The record reveals no bond between mother and child sufficient to decline to terminate the mother's

rights. We find the court properly excised its discretion and we agree no mitigating factor applies weighing against termination.

## IV. CONCLUSION.

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(h), termination of the mother's parental rights is in the child's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the mother's parental rights.

**AFFIRMED.**